FILED
AUG 3 0 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tracy Nixon, )
            Plaintiff, )
v. )   Civil Action No. 19-2266 (UNA)
Redmond K. Barnes, )
            Defendant. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis* (IFP). The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

Plaintiff, a resident of Dallas, Texas, has sued an employee of the Clerk of the United States Supreme Court for returning his petition for writ of certiorari due to plaintiff's non-compliance with certain Rules of the Court. *See* Compl. Attachments. Plaintiff seeks "punitive damages" and equitable relief. Compl. at 5.

The Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). In addition, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a

1

lawsuit for money damages based upon decisions falling within the scope of their official duties," as is alleged in this case. *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 30, 2019

United States District Judge